## Toomey's Estate.   Toomey's Appeal.

*Costs in orphans' court—Discretion of court.*

The allowance of costs in the orphans' court is in the discretion of the court, and in this case the costs of witnesses of unsuccessful claimant were placed upon claimant, and costs of accountant's witnesses allowed out of the fund.

*Evidence—Witnesses—Party to contract dead—Act, 1887.*

Query, whether the heirs of a decedent, and distributees of his estate, are competent, under the Act of May 23, 1887, § 5, to testify that a paper, alleged to be signed by decedent, offered to establish a claim against the estate, was a forgery.

Argued May 17, 1892. Appeal, No. 90, Jan. T., 1890, by claimant, Geo. K. Toomey, from decree of O. C. York Co., dismissing exceptions and confirming report of auditor distributing estate of John Toomey, deceased. Before PAXSON, C. J., STERRETT, WILLIAMS, MCCOLLUM and HEYDRICK, JJ.

The auditor, N. M. Wanner, found the following facts, *inter alia:* John Toomey died Dec. 19, 1887, leaving to survive him children and heirs. One of these, George K. Toomey, appellant, presented a claim for moneys paid decedent prior to 1865, amounting to $800, with interest from April 18, 1886, the date of a letter alleged to have been written by decedent, acknowledging the debt and tolling the statute. Three papers, designated A, B and C, purporting to be letters written by decedent to claimant, were given in evidence. The first one, dated April 18, 1886, was chiefly relied upon to toll the statute. Witnesses were called to prove and deny the genuineness of

the signatures to these letters.  Several of the heirs testified, under objection, that the signatures to A and B were not the signatures of decedent but that they were in the handwriting of claimant.  Another witness, not interested, testified that claimant stated on July 4, 1887, that his father had paid him $900 of moneys he owed him.  This was denied by claimant. The auditor held that the letter A was not in the handwriting of decedent, and that the preponderance of the testimony was against claimant on the subject of repayment of the moneys. The claim was accordingly rejected, and the costs of claimant's witnesses placed on claimant, and the costs of accountant's witnesses allowed out of the fund.

Exceptions filed by claimant alleged that the auditor erred *inter alia*: (3) in finding letter A a forgery ; (4) in rejecting claim ; (6) in imposing costs; and (7) in admitting heirs to testify.

The court, LATIMER, P. J., dismissed the exceptions and confirmed the report in an opinion as follows, *inter alia :*

" The claimant, George K. Toomey, is the surviving party to the contract in action.  The other party to that contract, John Toomey, is dead, and his rights therein have devolved on the parties to this controversy, who are resisting this claim.  By the express terms of the Act of May 23, 1887, the surviving party is incompetent to testify to any matter occurring in the lifetime of the decedent.  If the heirs, interested in defeating this claim, are competent to testify to matters occurring in the lifetime, then there is introduced, by the Act of 1887, that inequality which it was said was the design of the Act of April 15, 1869, to prevent; and yet (as was said by Mr. Justice Clark in Porter v. Nelson, 121 Pa. 628), by the letter of the Act of May 23, 1887, interested witnesses on behalf of the estate are competent to testify to any fact, whether occurring in the lifetime or not.  Section 4 of that act sweeps away all disqualification growing out of interest, save as excepted in section 5. Section 5, cl. e, provides that, where a party to the contract is dead and his rights therein have passed to a party on the record who represents his interests therein (this case exactly), the only interest which shall disqualify is an interest adverse to the right of the decedent.  The precise question has never been decided authoritatively.  It was supposed to have arisen in Porter v. Nelson, supra, which went up from the common pleas of York

county; but the judgment was affirmed on other grounds. In the absence of any authoritative decision of the question, I think the auditor was right in following the plain letter of the statute, and holding the witnesses competent whose interests were not adverse to those of the decedent.

" But perhaps the competency of these witnesses to testify as they did may be sustained on other grounds. Of course, they were competent to testify as to any fact occurring since the death of John Toomey. If incompetent at all, it was only as to facts occurring in his lifetime. The only portion of their testimony, the admission of which was made the subject of exception, was that relating to the handwriting and signatures of papers A, B, and C. Certainly the knowledge on that subject which qualified them to give an opinion must necessarily have been derived from opportunities of observation occurring in the lifetime. But the testimony itself, to wit, papers A and B, were not in the handwriting of John Toomey, and that the signatures purporting to be his were not his genuine signatures was an expression of present opinion based on inspection of a paper presently shown to the witness, and compared with the mental exemplar formed from previous opportunity of observation. Thus it was in the nature, not of a matter occurring in John Toomey's lifetime, but of a fact, or state of facts, existing after his death. That the evidence as to a state of facts existing after the death had a tendency to show that the same facts existed in the lifetime, does not render the witness incompetent. Porter v. Nelson, supra; Stephens v. Cotterell, 99 Pa. 188."

*Errors assigned, inter alia,* were (3, 4, 6, 7) dismissal of exceptions, and (8) confirmation of report.

*H. H. McClune,* for appellant; *H. L. Fisher,* for appellees.

PER CURIAM, July 13, 1892.

We think the learned auditor and court below were right in rejecting the appellant's claim. It was exceedingly stale, if not suspicious. It was long since barred by the statute of limitations. The letter from John Toomey to the appellant, dated April 18, 1886, and which he relies upon to toll the statute, is found by the auditor to be a forgery. We cannot sustain any of the specifications of error.

The decree is affirmed, and the appeal dismissed at the costs of the appellant.