# Davis, Appellant, *v.* Baltimore & Ohio Railroad Company.

*Negligence—Railroads—Risk of employment.*

Plaintiff was a flagman employed on defendant's freight train.   His position was on the rear car to protect the rear of the train.   This car on the train in question was a box car with a door cut in each end like a caboose. At the time when plaintiff was injured the train consisted of from fifty to sixty cars, with an engine in front and two pushing engines behind.   After the train passed the summit of the mountain on the trip, it was plaintiff's duty to uncouple the pushing engines, and hang out a red light.   Plaintiff testified that while engaged in the performance of this duty he had two lanterns in his right hand, and, leaning with his right hand against the jamb of the door, stooped to pull out the pin which coupled the engine with the box car or caboose, and after uncoupling it, and while in the act of rising up to go and hang out the red light, the train, in crossing the summit, gave a jerk caused by the front engine taking up the slack of the train, when he was thrown from the car to the engine, fell to the ground and both engines passed over his leg.   Plaintiff's statement alleged negligence in the construction of the box car, but the evidence showed that such box cars were in common use, not only as cabooses on this road, but on other roads.   *Held*, that as plaintiff had assumed the risk of his employment, he was not entitled to recover.

*Negligence of co-employee.*

Even if the length of the train contributed to the accident, it seems that that would be no ground for liability, as the making up of the train was the act of a co-employee.

Argued Oct. 10, 1892.   Appeal, No. 26, Oct. T., 1892, by plaintiff, Samuel T. Davis, from judgment of C. P. Somerset Co., May T., 1889, No. 300, on verdict for defendant.   Before PAXSON, C. J., STERRETT, GREEN, WILLIAMS, McCOLLUM, MITCHELL and HEYDRICK, JJ.

Trespass for personal injuries.   Plaintiff's statement alleged that defendant " did not use due and proper care and diligence " that plaintiff " should be safely carried and conveyed " on defendant's freight train, and further as stated in the opinion of the supreme court, where the facts also appear.

Plaintiff's points, all referring to the insufficiency of the box car, were refused, and a verdict directed for defendant.

Verdict and judgment for defendant.   Plaintiff appealed.

*Errors assigned* were, (1–5) answers to points; (6) portion of charge quoted in opinion of Supreme Court; quoting points, answers and charge.

*W. H. Rupple*, with him *A. H. Coffroth*, *H. L. Baer* and *A. J. Colborn*, for appellant.—An employer is bound to furnish and maintain suitable instrumentalities for the work or duty which he requires of his employees: Patterson's Railway Accident Law, 300 ; Wright v. Ry., 25 N. Y. 565 ; Flike v. Ry. Co., 53 N. Y. 552 ; Ellis v. Ry., 95 N. Y. 246 ; Hough v. Ry., 10 Otto, 213 ; R. R. v. Herbert, 116 U. S. 642 ; Greenleaf v. Illinois Central R. R., 29 Iowa, 14 ; s. c., 4 Am. R. 181 ; Caldwell v. Brown, 53 Pa. 453 ; Gilman v. Eastern R. R. Corp., 10 Allen, 233 ; Booth v. Ry., 73 N. Y. 38 ; Hawley v. Ry., 82 N. Y. 370 ; Caldwell v. Brown, 53 Pa. 453 ; Fraizer v. Penn. R. R., 38 Pa. 104 ; Grand Trunk Ry. v. Cummings, 16 Otto, 702 ; Lacy on Railroads, 382.

*W. H. Koontz*, for appellee.—An employer is only bound to furnish machinery of an ordinary kind which with reasonable care may be used without danger : Pittsburgh & Connellsville R. R. v. Sentmeyer, 92 Pa. 276 ; Payne v. Reese, 100 Pa. 306 ; Northern Central Ry. v. Husson, 101 Pa. 7 ; Shaffer v. Haish, 110 Pa. 578 ; Allison Mfg. Co. v McCormick, 118 Pa. 519 ; Ship Building Works v. Nuttall, 119 Pa. 158 ; P. & R. R. R. v. Hughes, 119 Pa. 312 ; Faber v. Carlisle Mfg. Co., 126 Pa. 389 ; Lehigh Coal Co. v. Hayes, 128 Pa. 306 ; Titus v. R. R., 136 Pa. 618 ; Moules v. Canal Co., 141 Pa. 632 ; Kehler v. Schwenk, 144 Pa. 357.

The servant assumes the ordinary risks of his employment: Mansfield Coal & C. Co. v. McEnery, 91 Pa. 195 ; Sykes v. Packer, 99 Pa. 465 ; Barkdoll v. Penn. R. R., 21 W. N. 281 ; Beittenmiller v. Bergner & Engle Brewing Co., 22 W. N. 33 ; Brossman v. Lehigh Valley R. R., 113 Pa. 491 ; P. & R. R. R. v. Hughes, 119 Pa. 313 ; Brownfield v. Hughes, 128 Pa. 194 ; Deihl v. Lehigh Iron Co., 140 Pa. 487 ; Reese v. Clark, 146 Pa. 465.

OPINION BY MR. CHIEF JUSTICE PAXSON, January 3, 1893 :

Upon the trial of this case the learned judge below instructed the jury to find for the defendant. From this ruling the plaintiff has appealed, and has specified as error the refusal of the court to affirm his first, second, third, fourth and fifth points. If the learned judge was correct in holding that there was nothing to submit to the jury the points become immaterial.

The sixth and last specification alleges that the learned judge erred in the following portion of his charge : " Although on the face of the declaration in this case, in our view, the allegations are specific enough, yet whether that injury had been from a jerk caused by the nature and extent of the train and the manner in which it was run, no matter how extraordinary and unusual it was, yet as the undisputed fact is that the caboose was one of a kind in common, use, and service on it was accepted by the plaintiff, he therefore assumed all the risks that resulted from the careful and ordinary running of the train, and there being nothing to show that the doubling up of the train was unusual, but was the mere act of the co-employees of the train, and the plaintiff being guilty of contributory negligence, it becomes our duty to give you fair instructions to find in favor of defendant. All points inconsistent with this are refused."

We find no error in this instruction. It was fully warranted by the undisputed testimony. At the time of the accident plaintiff was employed as a flagman on the Somerset & Cambria Railroad, operated by the defendant company. The position as flagman is on the rear car to protect the rear of the train. The rear car at that time was what is called a box car with a door cut in each end like a caboose. On the evening of the 21st or 22d day of June, 1881, the train upon which the plaintiff was acting as flagman started on the return trip from Johnstown to Rockwell. It consisted of from fifty to sixty cars, of different kinds, with an engine in front, and two pushing engines immediately behind the box car used as a caboose, it being the last car on the train. When the train passed the summit, it was his duty to uncouple the pushing engines, and hang out the red light. His own testimony is in substance that while engaged in the performance of this duty he had two lanterns in his right hand, and leaning with his right hand against the jamb of the door, stooped to pull out the pin which coupled the engine with the box car, or caboose, and after uncoupling it, and while in the act of rising up to go and hang out the red light, the train, in crossing the summit, gave a jerk caused by the front engine taking up the slack of the train, when he was thrown from the car to the engine, fell to the ground, and both engines passed over his leg, which was crushed and had to be amputated.

The alleged negligence of the defendant company, as we gather from the plaintiff's statement of his cause of action, is, that it "did not use due and proper care to keep and maintain a suitable caboose on said freight train, so that the said Samuel T. Davis could safely and conveniently attend to and discharge his duties as flagman on said freight train of defendant company, but said defendant company did wholly neglect and carelessly and negligently and knowingly place a box car with doors at both ends, but no platform or guard railing at either end for a caboose on said freight train."

The evidence, including one or more of the plaintiff's witnesses, clearly shows that such box cars were in common use, not only as cabooses on this road, but on other roads. The plaintiff had been employed, as has already been stated, as brakeman and flagman by this company, and was as competent as any one else to judge of the danger of a box car when used for the purpose of a caboose. There was nothing about it that was not visible to the eye, or patent to the understanding. He knew that box cars were in common use on the rear of freight trains, and if he did not think them reasonably safe with the exercise of ordinary care, it was his own folly to ride in one. He had made one trip in that car before, and had gone to Johnstown on that day, and of his own motion drove a nail in the side of the car on which to hang the red light on the return trip. It is not too much to say that he knew all about the manner of running the train, and accepted the risk incident to the employment.

There was nothing in the remark of the learned judge in that portion of the charge referred to in the sixth specification in regard to the doubling up of the train that requires comment. It was the act of the co-employees of the train. It was not a matter, however, on which to found any charge of negligence on their part. The starting of the train by the head locomotive after the pushing locomotives had been cut loose necessarily creates a jerk, often of considerable force. This is incident to taking up of the slack, as it is called, and is well known to every one who ever rode upon a freight train.

A careful examination of this case fails to disclose error.

Judgment affirmed.