## Brose's Estate. Grove's Appeal.

*Decedents' estates—Claim for services—Board and washing.*

Where the evidence shows an express contract by which claimant agreed to furnish board and washing to the decedent for fifty dollars a year, no further allowance can be made for such services, although the compensation was clearly inadequate.

*Evidence—Witness—Party dead—Act of May 23, 1887.*

Under the act of May 23, 1887, P. L. 158, persons interested in the estate of a decedent are competent to testify against a claim for services rendered to decedent, as to declarations made by claimant.

Argued May 17, 1893. Appeal, No. 390, Jan. T., 1893, by John Grove, creditor, from decree of O. C. York Co., dismissing exceptions to auditor's report, in estate of David Brose. Before STERRETT, C. J., GREEN, WILLIAMS, MITCHELL and DEAN, JJ.

Exceptions to report of auditor.

At the audit John Grove presented a claim for $541.30, for boarding and washing and for nursing decedent, and also for funeral expenses. The auditor, N. M. Wanner, Esq., allowed the claim.

The opinion of the court below was in part as follows, by BITTENGER, J. :

" The first and second exceptions filed by John Grove, are dismissed. The auditor properly found from the evidence, including the acknowledgments of the claimant himself, that there was a parol agreement between David Brose, the deceased, and the claimant, for the board and washing of David Brose, for $50.00 a year, and some services, to be rendered by said David

Brose, for the first two years after the latter went to live with the claimant. This fact was found upon abundant testimony.

"The third and fourth exceptions filed by the claimant are to the admission of the evidence of Rachael A. Brose and Joseph Brose. The act of 1887, relating to the competency of witnesses, approved May 23, 1887, P. L. 158, provides that, in all civil proceedings, no interest or policy of the law shall make any person incompetent as a witness, except as provided in section five of said act. One of the exceptions, the only one applying to interest, is as follows: ' (e) Nor when any person or thing to a contract in action is dead, or has been adjudged a lunatic, and his right thereto or therein has passed, either by his own act or the act of the law, to a party on the record, who represents his interest in the subject in controversy, shall any surviving or remaining party to such thing or contract or any other person whose interest ·shall be adverse to the right of such deceased or lunatic party, be a competent witness to any matter occurring before the death of said party,' etc.

" It will be seen that, by the letter of the act, the persons party to the thing or contract, in case of the decease of one of the parties to the same, or otherwise interested, are not those interested for the estate, but those only whose interests are adverse to the right of the deceased party.

" This clause of the act has never been passed upon by the Supreme Court, although the question has several times arisen, in cases before the court. It has uniformly been held in our court, however, to exclude only witnesses where interest is adverse to the rights of the decedent; and we are not now disposed to depart from this well settled construction. More, there was ample testimony, besides that of these interested witnesses, to warrant the conclusions of the auditor. These two exceptions are, therefore, dismissed.

" The first exception filed by Rachael Brose is that the auditor did not find as a fact that the alleged contract for $50.00 per year, and services to the claimant by David Brose, covered the whole time that the deceased lived with the claimant, instead of only two years of said time. The exception must be sustained.

" Arthur McCann, a disinterested witness, testifies, on page 106 of the testimony, as follows: ' He (John Grove) said Mr. Brose

had been there within a few days of three years—not quite by
a few days. Didn't say how many. I asked him what the
contract was, and Mr. Grove said he was to keep Mr. Brose for
fifty dollars a year, but the last year, the third year he would
have to charge him seventy-five dollars, as he could not do the
work he had done the other two years. That Mr. Brose could
not do the work the last year. He was to do some work for
his keeping, was Mr. Grove's statement.' This was at the time
of the appraisement of the personal effects, after David Brose's
death.

" This evidence stands uncontradicted, except as to a limited
extent, by the claimant. The auditor aptly says : ' As to some
of the leading facts occurring at this meeting, the witness Mc-
Cann, is sustained by the claimant himself, who admits the
attempt to settle the account ; agrees with the witness as to
the sums spoken of ; admits the alleged credits of one hundred
dollars in favor of the decedent; and in response to a call for
it, produces before the auditor the book containing the entries
referred to. . . . On the other hand, the witness McCann is
entirely disinterested so far as the evidence goes, at least, and
his veracity has not been impeached. A rigid cross-examination
failed to shake him in any vital part of his testimony, and he
was not contradicted in any material fact, except by the claim-
ant himself.'

" The auditor holds that the testimony of McCann shows
that the contract was for $50.00 per year for the first two years,
but that it did not continue for the third year. In this the
learned auditor errs ; for the testimony quoted and also the tes-
timony of other witnesses, shows that the contract was an en-
tire one, for the whole time during which David Brose lived
with the claimant, including the third year, to the time of
Brose's death. The mere fact that the claimant demanded
more and that more was offered in the attempted settlement,
does not establish or tend to establish the fact found by the
auditor, that the contract did not exist the third and last year.
The very statement and demand of the claimant, acknowledges
the continuance of this contract, when he demanded an addi-
tional sum for his compensation. He did not then even allege,
according to the testimony, that the contract did not apply to
the third year.

" That David Brose was a troublesome and disagreeable board-er, and that the sum contracted for by the parties was grossly inadequate is apparent from the testimony. Yet the parties are presumed to have contracted with a knowledge of the facts and circumstances. There is no evidence of any fraud or mistake in the making of the contract, or of any proposition or attempt to alter or terminate it. We have it proven that David Brose accompanied the claimant to Shrewsbury, to the bank, with his certificate of deposit, a few months before his death, and that $50.00 was paid the claimant by the bank on account, upon said certificate. So far as the testimony shows, the parties continued to act under the provisions of said contract, for $50.00 per year without complaint, until the death of David Brose. When ex-press contracts exist the court is bound by them, and they must be enforced. It follows that the allowance, by the auditor to the claimant, John Grove, of $7.00 per week for forty-seven weeks, is erroneous."

The court made an allowance for nursing and for funeral expenses, but these items are not involved in this appeal.

*Errors assigned* were disposition of exceptions, quoting them.

*N. Sargent Ross*, for appellant, cited : Hertzog v. Hertzog, 29 Pa. 465; Neal v. Neal's Admrs., 59 Pa. 347; Godner's Adm'rs v. Heffley, 49 Pa. 163; Pittsburg's Ap., 70 Pa. 142; Speakman's Ap., 71 Pa. 25; Bedell's Ap., 87 Pa. 510; Chew's Ap., 45 Pa. 228; Gilbert's Ap., 78 Pa. 266; Fahnestock's Ap., 104 Pa. 46; Roberts v. Swift, 1 Yeates, 209; Thompson v. Stevens, 71 Pa. 162.

*E. E. Allen*, for appellee, cited: Reber v. Herring, 115 Pa 599; Seibert v. Householder, 10 Atl. R. 784; Sickler's Ap., 17 Atl. R. 32; Yeich's Ap., 17 Atl. R. 32, s. c. 1 Mona. 296; Hindman's Ap., 85 Pa. 466; Cake's Ap., 110 Pa. 65; Miller's Ap., 102 Pa. 544; Bachman's Ap., 38 Leg. Int. 393; Brunner's Est., 6 Montg. Co. R. 115; Selser's Est., 8 Pa. C. C. R. 254; Gebler's Ap., 5 Cent. R. 314; Leibig v. Steiner, 37 Leg. Int. 398; Arthur v. James, 28 Pa. 236; Hertzog v. Hertzog, 29 Pa. 465; Tintsman v. Cronshore, 104 Pa. 192; Muller's Est., 2 Dist. R. 456.

PER CURIAM, May 31, 1893 :

The facts of this case, as well as the questions arising thereon, are sufficiently presented in the report of the learned auditor and opinion of the court disposing of the exceptions thereto. An examination of the record has failed to convince us that there is anything in either of the nine specifications of error that would warrant a reversal or modification of the decree. We have no doubt the appellant has been inadequately compensated for the boarding, washing and taking care of the deceased, but that is the result of his own improvident contract. That contract appears to have been clearly established; and, of course, it stood in the way of such additional allowance as he otherwise would have been entitled to.

For reasons given in the opinion, of the learned judge of the orphans' court, disposing of exceptions to the auditor's first report and recommitting the same for correction, etc., we think there was no error in confirming the amended report of the auditor.

Decree affirmed and appeal dismissed at appellant's costs.