## John C. Mullet, Executor, *v.* H. M. Hensel, Appellant.

*Appeals—Judgment—Application to open—Discretion of court—Quality and quantity of essential testimony.*

An application to open a judgment is addressed to the sound discretion of the court, and on appeal from a refusal to open, the question to be decided is, whether that discretion has been properly exercised.

Where the defense is that there was a contemporaneous parol agreement varying the terms of the writing upon which judgment was entered, it is incumbent on the defendant to sustain his allegation by testimony of the kind and quantity which would be sufficient to move a chancellor to reform the instrument.

Argued April 12, 1898. Appeal, No. 91, April T., 1898, by defendant, from order of C. P. No. 1, Allegheny Co., Sept. T., 1896, No. 261, discharging rule to open judgment. Before RICE, P. J., BEAVER, REEDER, ORLADY, SMITH and PORTER, JJ. Affirmed.

Motion to open judgment and let defendant into a defense.

The petition and answer being filed and depositions taken the court below dismissed the rule in the following opinion : " We cannot open this judgment. The testimony of the only witness for the defendant does not sustain the allegations of the defendant, and the defendant cannot be a witness in his own behalf. Rule discharged." Defendant appealed.

*Error assigned* was refusing to open the judgment.

*A. J. Barton,* for appellant.—The petition and answer having each been filed by parties who would be incompetent as witnesses, this case stands now upon the testimony of Stouffer, and upon that testimony, we think, the court in the exercise of a sound discretion, should have opened the judgment: Natl. Bank's Appeal, 124 Pa. 337.

*William H. Ellis,* for appellee.—An application to open a judgment is addressed to the discretion of the court, and in an appeal from a refusal of the court to open a judgment the only question to be decided is whether that discretion has been

properly exercised: Renwick v. Richardson, 5 Pa. Superior
Ct. 202; Kelber v. Plow Co., 146 Pa. 485.

The burden upon appellant is to show by more than a single
witness and by testimony clear, precise and indisputable, that
there was a contemporaneous, parol agreement, varying the
terms of the written memorandum, which would be such as to
move the conscience of a chancellor to reform the written in-
strument: Renwick v. Richardson, 5 Pa. Superior Ct. 202;
Honesdale Glass Co. v. Storms, 125 Pa. 268; Phillips v. Meily,
106 Pa. 536.

OPINION BY RICE, P. J., July 29, 1898:

The defendant was not a competent witness as to any mat-
ters occurring in the lifetime of the decedent, but the plaintiff
was. His interest was not adverse to the right of the deceased
party to the contract: Smith v. Hay, 152 Pa. 377, 383; Brose's
Estate, 155 Pa. 619. Hence, as to the main contention, the
application to open the judgment was supported by the testi-
mony of only one competent witness, Abraham Stouffer. This
was inconsistent with the allegation of the petition as to the
motive of the decedent in making a gift of the note, or the
money represented by it, to his son, and utterly failed to sup-
port the allegation that the note was drawn, as it now stands,
through mistake or ignorance.

An application to open a judgment is addressed to the sound
discretion of the court, and on appeal from a refusal to open,
the question to be decided is, whether that discretion has been
properly exercised. Where the defense is that there was a
contemporaneous parol agreement varying the terms of the
writing upon which judgment was entered, it is incumbent on
the defendant to sustain his allegation by testimony of the kind
and quantity which would be sufficient to move a chancellor to
reform the instrument. The plaintiff having filed a sworn
answer denying the allegations of the petition, the court com-
mitted no error in applying these familiar principles to the case,
and refusing to open the judgment generally upon the uncor-
roborated testimony of a single witness. But, as the plaintiff
conceded in his answer that the defendant had paid $18.00,
being interest for one year to July 28, 1895, which was erro-
neously included in the amount for which judgment was en-

tered, he was entitled to relief to that extent. Doubtless this admitted error would have been corrected in the court below if attention had been directed to it. It was evidently overlooked in the consideration of the main question.

The order discharging the rule to show cause why the judgment should not be opened is modified by directing that the plaintiff forthwith credit upon the judgment the sum of $18.00, being the interest to July 28, 1895, admitted in the plaintiff's answer to have been paid, and as thus modified the order is affirmed.