## Richard Walsh and John Walsh *v.* Harry Ashford, Appellant.

*Appeals—Discretion of court in refusing to open judgment.*

An application to open judgment is addressed to the sound discretion of the court and on appeal from a refusal to open, the question to be decided is whether that discretion has been properly exercised.

In the case at bar it is held that the case had been fully considered in all of its details and that discretion was wisely exercised in discharging the rule to open the judgment.

. Argued Jan. 9, 1899. Appeal, No. 3, Jan. T., 1899, by de-fendant, from order of C. P. Luzerne Co., Oct. T., 1897, No. 850, refusing rule to open judgment. Before RICE, P. J., BEAVER, ORLADY, SMITH, W. W. PORTER, W. D. PORTER and BEE-BER, JJ. Affirmed.

Rule to open confessed judgment. Before SCHUYLER, P. J., of the 3d judicial district, specially presiding.

The facts sufficiently appear from the following opinion of the court below, refusing motion to open judgment:

The pivotal question is whether the stone and sand for which the defendant claims credit were furnished on account of the present judgment. The only evidence that they were so fur-nished is to be found in the testimony of the defendant himself, as follows: " Q. Was this stone and sand furnished in payment of your indebtedness to either John or Richard Walsh? A. It was supposed to be in payment of what I owed them." The defendant also testified to the payment of money on account of the judgment; but admitted that he did not have "the most remote idea " how much it was. In a subsequent part of his testimony he says: " The money I paid them and the stone I furnished them was to be applied on the horses and wagons " which were the consideration for the judgment. On the other hand the undisputed evidence is that subsequent to the date of the note on which the judgment was entered, the plaintiffs and defendant had two settlements, the last of which seems to have been at the close of business relations between them, and that at these settlements the defendant received full credit for the moneys, stone, etc., paid and furnished by him, and for which he now makes claim, on a separate store account. It needs no citation of authorities to show that we have no authority to open the present judgment on such a state of facts as this.

December 13, 1897, rule discharged.

*Error assigned* among others was (3) in discharging rule to open judgment.

*J. F. O'Neill* for appellant.

*Bernard McManus* for appellee.

OPINION BY BEAVER, J., March 23, 1899:

The rule that "An application to open a judgment is ad-
dressed to the sound discretion of the court and, on appeal
from a refusal to open, the question to be decided is whether
that discretion has been properly exercised," has been so clearly
stated, so fully settled and so generally enforced by both our
appellate courts that it seems scarcely necessary to restate it
now : Mullet v. Hensel, 7 Pa. Superior Ct. 524. Is the case
under consideration an exception to the rule; or, in other words,
was the discretion of the court improperly exercised? The
application is based upon alleged fraud in procuring the note
with warrant of attorney to confess judgment and the payment
in full after its execution.

As to the question of fraud there is no evidence worthy of
consideration. The defendant admitted his signature to the
note and testified that one of the plaintiffs had called him into
the store where the other had the paper on the counter, which
he asked him to sign as a favor; that he signed it, without ob-
jection, but says: "I did not know what I was signing; I
bought a team of horses and wagon from him; he brought an-
other wagon but I did not want it and told him to take it away,
but he left it there." He says also: "After I signed the note
I said, 'Is that going to do me any harm?' and he said it
would not do me any harm; that I had any amount of time to
pay it. I was to pay for the horses in either stone or money—
any way that I could pay for them." There is no suggestion
of fraud here, much less the clear and precise testimony upon
which it can be predicated.

As to the question of payment, the testimony is somewhat
contradictory, the defendant alleging that the price of stone
and sand delivered by him to sundry persons, upon the order
of the plaintiffs, and certain amounts of money were to be
credited upon the note. The plaintiffs, however, allege and
prove that all of these payments were credited upon the store
account for supplies furnished and quarry expenses advanced
by them and that, independently of the note, the defendant is
indebted to them on general account. The testimony of the
defendant is very indefinite, whilst that of the plaintiffs is
based upon accounts carefully kept by them. There is no al-
legation as to want of consideration for the note, and it would

seem at first sight as if the price of the horses and wagons alleged to be the consideration therefor was less than the full amount, but a careful examination of the testimony reveals the fact that there was included in the note also the price of certain quarry fixtures which, with that of the horses and wagons, constituted the full consideration therefor.

The examination which we have made indicates that the court below fully considered the case in all of its details and that its discretion was wisely exercised in discharging the rule to show cause.

Judgment affirmed.