# Norristown Trust Company, Appellant, v. Lentz.

*Evidence—Witness—Competency of—Party dead.*

Where both the plaintiff and the defendant in a judgment are dead, legatees of the defendant may testify to the fact of the payment of the judgment by the executor of the defendant to the executor and trustee under the will of the plaintiff, prior to the decease of such executor and trustee.

Argued Dec. 7, 1905. Appeal, No. 214, Oct. T., 1905, by plaintiff, from judgment of C. P. Montgomery Co., March T., 1904, No. 81, for defendant on case tried by the court without a jury in suit of Norristown Trust Company, administrator d. b. n. c. t. a. of Sarah Burns, deceased, et al. v. Henry G. Lentz, executor of Benjamin Lentz, deceased, real owner and

tenant in possession. Before RICE, P. J., BEAVER, ORLADY, PORTER, MORRISON and HENDERSON, JJ. Affirmed.

Scire facias sur judgment.

The case was tried before SWARTZ, P. J., without a jury under the Act of April 22, 1874, P. L. 109.

The facts are stated in the opinion of the Superior Court.

*Error assigned* was in entering judgment for defendant.

*J. B. Larzelere, Jr.*, for appellant.—The witnesses were incompetent: Shroyer v. Smith, 204 Pa. 310; Rudolph v. Rudolph, 207 Pa. 339; Patterson v. Dushane, 115 Pa. 334; Darragh v. Stevenson, 183 Pa. 397; Fisher's Estate, 7 Pa. C. C. Rep. 17; Roth's Est., 150 Pa. 261; Thomas v. Miller, 165 Pa. 216; Krumrine v. Grenoble, 165 Pa. 98; Kauss v. Rohner, 172 Pa. 481; Acklin v. McCalmont Oil Co., 201 Pa. 257; Hostetter v. Schalk, 85 Pa. 220; Lavelle v. Melley, 27 Pa. Superior Ct. 69.

*Henry Freedley*, with him *E. L. Hallman*, for appellee.—By the express terms of the act the decedent must be "a party to the thing or contract in action;" he must have "a right therein," and "an interest in the subject in controversy." Silas Jones, the executor of an executor, had none of these: Crane v. Hastings, 49 P. L. J. 91; Jackson v. Penna. Co., 2 Pa. Dist. Rep. 225; Dickson v. McGraw, 151 Pa. 98; Allen's Est., 207 Pa. 325; Bank v. Henning, 171 Pa. 399; Broadrick v. Broadrick, 25 Pa. Superior Ct. 225.

OPINION BY RICE, P. J., March 12, 1906:

This was a scire facias sur judgment entered in 1876. The defense was payment. The case was tried before the court without a jury, and resulted in a judgment for the defendant. As shown by the well considered opinion filed by the learned judge who tried the case, this judgment was the legitimate conclusion from his findings of fact, and the latter were fully warranted by the testimony, if the witnesses who gave it were competent to testify. As to the conclusiveness on appeal of the findings of fact of the trial court, unless they are manifestly erroneous and unwarranted, we need cite no authority.

As the case is presented to us, the question upon which it turns is the competency of the testimony of Henry G. Lentz and Charles Lentz, both of whom were legatees, and the former was executor, under the will of Benjamin Lentz, the original defendant in the judgment. This question also is quite fully considered in the opinion filed by the learned trial judge, and we think was correctly decided in favor of their competency. The important dates are : April 28, 1894, death of Sarah Burns, at that time the owner of the judgment; August 16, 1897, death of Benjamin Lentz, the defendant in the judgment; May 5, 1903, death of Silas Jones, executor and trustee under the will of Sarah Burns. The testimony objected to relates to matters occurring after the death of Sarah Burns, and principally to the allegation of payment of the judgment by Henry G. Lentz, executor under the will of Benjamin Lentz, to Silas Jones, executor and trustee under the will of Sarah Burns. The witnesses were interested, but their interest was not adverse to the right of Benjamin Lentz; therefore, under the words of the act of 1887, and the construction heretofore given to them, they were not incompetent, by reason of his death, to testify in behalf of his estate : Smith v. Hay, 152 Pa. 377 ; Brose's Estate, 155 Pa. 619 ; Crosetti's Estate, 211 Pa. 490 ; Mullet v. Hensel, 7 Pa. Superior Ct. 524 ; Foringer v. Sisson, 14 Pa. Superior Ct. 266. Their interest was adverse to the right of Ephraim Burns, the original plaintiff in the judgment, and of Sarah Burns, whose ownership was derived under his will, and, therefore, not being called by the plaintiff, they were incompetent to testify to any matters occurring before the death of Sarah Burns, but not as to matters occurring afterward, unless they were rendered incompetent by the death of Silas Jones. The question is whether he was a party to the " thing or contract in action "—the judgment and the bond on which it was entered—whose " right thereto or therein has passed, either by his own act or by the act of law, to a party on the record who represents his interest in the subject in controversy." Whatever the fact may be, the question is not complicated by any proof that he embezzled the money or did not properly account for it. Nor can we see that the fact that he was trustee, as well as executor, affects the question. The transaction, namely, payment of the debt, was with him as execu-

tor, and what is more important, the right or interest in the subject in controversy which was represented by the present plaintiff was not derived through or under Silas Jones, but through and under the will of Sarah Burns. The act of 1887 declares that no interest or policy of the law, except as provided in section 5, shall make any person incompetent as a witness. By that act competency of witnesses in civil cases is the rule and incompetency the exception: Pattison v. Cobb, 212 Pa. 572. To warrant the exclusion of a witness upon the ground of interest it must appear that his case comes within the express terms of the exception embodied in clause (e) sec. 5, properly construed. If the language of the exception were ambiguous and reasonably susceptible of two constructions, one of which would preserve equality, by excluding every person whose interest is consonant with or adverse to the right of a deceased party to the thing or contract in action, and the other would not, the argument in favor of adopting the former construction would be very strong. But while the principle of equality in such cases is desirable to be maintained, yet, as has been well said, no rule on this subject has ever been successfully formulated in language which will invariably and under all circumstances produce perfect equality where one of the parties to a contract is removed by death: Darragh v. Stevenson, 183 Pa. 397. Where the language of the exception to the general rule of competency is plain and unambiguous it must be followed, even though, where death has intervened, it may seem to give one party interested in the result of the litigation an advantage over the other. In the leading case of Smith v. Hay, 152 Pa. 317, the late Chief Justice McCollum said: " We cannot construe this act contrary to its plain provisions simply because cases may arise in which one party to the issue is by these provisions competent and the other is disqualified." A careful examination of the cases which have arisen under it will show quite strict adherence to the words of the statute in its construction, and if they are followed here, taking nothing from and adding nothing to them, we think there is no escape from the conclusion that this case, so far as the competency of the testimony as to the transaction with Silas Jones is concerned, is not brought within any of the exceptions. He was not a party to the contract, and no right or interest of his, or derived through

him, is involved in the issue, which would not have been involved in it if the alleged payment had been made to him as the agent or attorney of Sarah Burns. No reason can be given for excluding the testimony under consideration which could not with equal propriety be invoked to exclude the testimony in the supposed case. Nothing is more common than the admission of testimony as to negotiations, dealings and acts of deceased officers of a corporation, or deceased agents of a natural person, notwithstanding the fact that the other party, in whose favor the testimony is given, is, by reason of the death of the officer or agent, placed in a better position. But it has been held uniformly that this is not a valid reason for rejecting the testimony: American Life Insurance & Trust Co. v. Shultz, 82 Pa. 46; Sargeant v. National Life Insurance Co., 189 Pa. 341. Other instances might be cited where the legislature has not attempted to maintain perfect equality at the sacrifice of other considerations. But it is unnecessary to pursue this general discussion further. We have examined with care all of the authoritative decisions cited in the appellant's brief and do not find that they conflict with the foregoing conclusion upon the precise question for decision. The other questions discussed by counsel in their brief seem to us to be fully and satisfactorily answered in the findings and opinion of the learned judge below. The same is true of the question we have particularly discussed.

All the assignments are overruled and the judgment is affirmed.