# Marshall *against* Hoff.

H., executor of B., sold the real estate of his testator and took bonds for the purchase money, which remained in his hands until he died intestate and insolvent. Held, that the estate of the testator which came to the hands of the administrator of the executor, should be appropriated by him for the benefit of the estate of the testator, and not to the creditors of the insolvent executor.

APPEAL from the decree of the orphan's court of *Berks* county, making distribution of the money in the hands of *Jacob Hoff* and *Catherine Hoff*, administrators of *John Hoff* deceased.

*Jacob Bright* died seised of real estate, having made his will, by which he authorised his executor, *John Hoff*, to sell his said estate for certain purposes therein directed. The estate was sold, and *John Hoff* the executor took bonds and mortgage for the payment of part of the purchase money, and subsequently settled an account, charging himself with the said purchase money, by which there was found to be a balance in his hands of 13,195 dollars. *John Hoff* placed these bonds and mortgage in the hands of *Marks J. Biddle*, Esq. for collection, and died. Letters of administration on his estate issued to *Jacob* and *Catherine Hoff*, who received from *Marks J. Biddle*, Esq., their attorney, 1750 dollars of the money which he had collected on the said bonds and mortgage. These administrators settled an account of their administration of the estate of *John Hoff* deceased, in which they charged themselves with the money thus received. This account was referred by the orphan's court to auditors, to settle the same and make distribution among the creditors, who made a report giving a preference to the specialty creditors of *John Hoff* deceased, over the administrator *de bonis non* with the will annexed of *Jacob Bright* deceased, who claimed for the benefit of the estate he represented all the assets which belonged to it. This report was confirmed by the orphan's court, upon exceptions filed to it, which were in substance, that the court erred in not decreeing to the estate of *Jacob Bright* deceased the money which was collected by *Marks J. Biddle*, Esq. and paid over to the administrators of *John Hoff* deceased.

*Smith*, for appellant, cited, 2 *Serg. & Rawle* 521; 15 *Serg. & Rawle* 145; 2 *Rawle* 121; *Ashm. Rep.* 319.

*Biddle*, contra, cited, 6 *Serg. & Rawle* 462; 7 *Serg. & Rawle* 483; 11 *Vin. Ab.* 430, *pl.* 16; 11 *Serg. & Rawle* 377, 385.

The opinion of the Court was delivered by
GIBSON, C. J.—The administrators of *John Hoff* can administer

[Marshall v. Hoff.]

the funds in their hands derived from the estate of *Jacob Bright* in no way more advantageously to *Hoff's* creditors than he himself could do were he alive; and the question is, what would be their recourse against him in a court of equity, to whose jurisdiction the subject belongs? It is plain that he could not make the assets his own, to defeat the purposes of the will, by charging the value in his account: a chancellor would, notwithstanding, lay hold on the funds in the hands of the insolvent executor. Even take it that he had already paid them away to his creditors with a knowledge on their part of his insolvency and consequent misapplication of the fund, nothing is clearer than that as parties to the *devastavit*, a court of equity would compel them to refund. This principle is amply established by *Burting* v. *Stonard* and *Ewer* v. *Corbel*, 2 *P. Wms* 148, 149; *Nugent* v. *Gifford*, 1 *Atk.* 143; *Meade* v. *Lord Orrery*, 1 *Atk.* 235; *Jacomb* v. *Harwood*, 2 *Ves.* 265; *Crane* v. *Drake*, 2 *Vern.* 616; and *Tanner* v. *Ivie*, 2 *Vern.* 469. And the consequence is the same when the assets have been turned into money, provided it has been received with a knowledge of all the circumstances; for when received *mala fide*, it may be followed as readily as a chattel. Now the case here is certainly no stronger for the creditors, than that of payment actually made with a knowledge of its being a misapplication of the fund. The creditors of *John Hoff*, the executor, claim to be satisfied out of a fund which, though recoverable at law only by his administrators, notoriously belongs in equity to the estate of his testator; and as a chancellor would take particular pains to disappoint them, this court, sitting as a court of equity, can do no less. It is therefore ordered that the account be re-stated, so as to exclude from it all moneys received by the accountants from any person indebted to their intestate, as the executor of *Jacob Bright;* and that the accountants be decreed to hold those moneys in trust for the persons entitled to the same under the will of the said *Jacob Bright;* and that the record be remitted to the orphan's court to have this decree carried into execution.

Decree accordingly.