# Garrison's Appeal.

1. If an assignment be made for the benefit of creditors, the creditors are affected by the trusts and equities with which the assignor was affected.

2. If a portion of the property of the assignor, be in the hands of another, subject to a trust, the recovery of the property by the assignee, in a suit at law, does not defeat the trust.

APPEAL by Samuel Garrison from the decree of the Court of Common Pleas of *Allegheny county.*

E. J. Burke, through the agency of James Blakeley, obtained a loan from Samuel Garrison, of $2000, and executed a mortgage on certain property in the Ninth ward, Pittsburgh, to secure the payment thereof.   At the time, Burke's property was encumbered with liens, of which a purchase-money mortgage to Mrs. Elizabeth F. Denny, was the first.   Blakeley, as the agent of Garrison, refused to let Burke have the money, unless an arrangement could be made, by which his mortgage should come in next to that of Mrs. Denny.   Other lien creditors agreed to the arrangement, and filed papers, giving the Garrison mortgage a preference.   A mortgage upon the Ninth ward property to Thomas Smith, for $1060, which was held by James F. Kerr, Esq., who was then in Europe, and who subsequently died in England, could not be postponed, as there was no person authorized to act in the matter; and it was agreed among Blakeley, Burke, and McDevitt, judgment-creditors of Burke, that the money to meet the Smith mortgage, should remain in the hands of Blakeley, until the return of Kerr, or until somebody was authorized to receive it.

Subsequently, Burke made a general assignment to James Little, for the benefit of his creditors.   Little, a few days before the Smith mortgage fell due, brought suit against Blakeley for the money left in his hands, and recovered the same.

The real estate of Burke was sold on the Denny mortgage, and the proceeds appropriated, first to the payment of that mortgage, and next to the Smith mortgage.   This sale was on the 30th of January, 1857.

On the 28th of March, 1857, Little filed his account as assignee, in which he charged himself with the sum of $1074.50, the amount which he had received from Blakeley, on the judgment

which he had recovered against him. The account was referred to E. B. Todd, Esq., as auditor, to audit and adjust, and to make distribution among the creditors.

The counsel of Garrison claimed, that under the arrangement which had been made between Blakeley, as agent of Garrison, Burke, and other lien creditors of Burke, he was entitled to be subrogated to the rights of Kerr, and to have this sum of $1074.50 applied to his mortgage. The auditor, however, rejected this claim, and distributed the amount among all the creditors, including Garrison. The report was confirmed by the Common Pleas, from whose decree Garrison appealed.

*Brady*, for the appellant.—By the arrangement, which was made at the time the money was loaned to Burke, the amount left in Blakeley's hands to meet the Kerr mortgage, was specifically appropriated to that purpose. No subsequent act of Burke, without the consent of the other parties to the contract, could change it. And, if Burke could not change it, it follows that Little, who was but his representative, could not do so. Therefore, when Little recovered the money from Blakeley, he held it upon the same trust that the latter held it.

But the auditor rests his judgment entirely upon the ground, that the verdict and judgment, in the case of *Little* v. *Blakeley*, were conclusive upon the subject in controversy before him; was he right in so holding? How could that verdict and judgment be conclusive upon the rights of Garrison? He was not a party on the record, nor had he any interest in the issue. The money in Blakeley's hands was not his. It rightly belonged to Kerr, or at least was for his use. When Blakeley, as agent of Garrison, accepted the mortgage from Burke, the right to the money passed to the latter. Garrison held the mortgage for the money, and Blakeley become the depositary of it, as Burke's, for the use of Kerr.

To render a former verdict and judgment conclusive, in another suit, it must be for the same cause of action, and between the same parties. Stark. Ev., Part 2, §§ 60, 574; 1 Greenl. Ev. §§ 523, 528; *Cormach* v. *Commonwealth*, 5 Binn. 184; *Respublica* v. *Davis*, 3 Yeates, 128; *Breading* v. *Seigworth*, 5 Casey, 396.

The right to substitution, is based upon a mere principle of equity and benevolence. *Kyner* v. *Kyner*, 6 Watts, 221; *Ramsey's Appeal*, 2 Id. 228.

If this court shall award the $1074.50 to Garrison, no injustice will be done to any one. The general creditors of Burke will get just what they were entitled to at the time of the assignment, and Garrison will receive the amount which he would have received out of the proceeds of the sheriff's sale, if the

money in Blakeley's hands had been applied to the payment of the Kerr mortgage.

*Robb*, for the appellee, rested his argument upon the ground, that the verdict and judgment, in the case of *Little* v. *Blakeley*, were conclusive upon the question at issue in this case, inasmuch as Blakeley was the agent of Garrison, and represented him in the case.

The opinion of the court was delivered January 3, 1859, at Philadelphia, by

STRONG, J.—The auditor's report finds, that Mr. Kerr had two securities for the debt due to him, the mortgage dated January 8, 1853, and the sum of money left in Blakeley's hands, specifically designated to the discharge of the mortgage. This sum of money was a part of that for which the mortgage to Garrison was given. It had been lent only upon condition, that it should be applied in satisfaction of the debt due to Kerr, and by the agreement of the lender, the borrower, and a judgment creditor, subsequent to the Kerr mortgage, had been set apart to pay that mortgage, in relief both of Garrison and McDevitt, the judgment-creditor. It was not, therefore, the general property of Burke, the assignor, but it had become clothed with a trust in favor of Mr. Kerr. It matters not that the deposit had been made without his knowledge. It was still money held for his use, and he had his choice, either to resort to it, or to his security upon the bond. Nor could its character, as trust money, be changed, without the joint consent of Burke, of Garrison, and McDevitt. Kerr, having thus two funds, and Garrison but one, belonging to a common debtor, and the former having obtained a payment from the fund which was common to both, why is not Garrison entitled to subrogation to Kerr's rights upon the other fund? Surely, not because the general creditors of the assignor have any equity to prevent it. They stand in no better position than Burke, the assignor. They are affected by the same trusts and equities with which he was affected. *Ramsey's Appeal*, 2 Watts, 332. Clearly, Burke, the assignor, could not have objected to the payment of Kerr's mortgage, with the money deposited in Blakeley's hands, in trust to make such payment, and as the general creditors claim through him, neither can they.

The auditor was of opinion, that the recovery at law by the assignee of Burke against Blakely, the depositary, divested the fund of the trust which had been impressed upon it, and converted it into a fund for the general creditors. The recovery, however, was not conclusive of the right, either as against Kerr or against Garrison, for they were not parties to it. Its effect

was, therefore, no more than to change the trustee. The money in the hands of the assignee, remained clothed with the same trust with which it was originally invested. It had an earmark, and is easily followed. The assignee can marshal the fund in his hands, in no way more advantageously to the creditors, than Burke could have done. The remedy of the creditors against the assignee, is in a Court of Equity, and a chancellor would lay hold of the fund, in whosoever hands found, and enforce the trust. *Marshall* v. *Hoff*, 1 Watts, 440.

It follows, that the decree of the court below, confirming the auditor's report, was erroneous, and that the appellant is entitled to the sum of $1074.50, recovered from Blakeley.

Decree of the Court of Common Pleas reversed, and the record remitted, with instructions to make distribution in accordance with the foregoing opinion.