## Rice *versus* Groff.

1. The holder of a promissory note sued the maker and obtained judgment, upon which execution was issued and goods supposed to be the property of the maker levied on; sale was prevented by an interpleador. *Held*, that the levy was not a satisfaction of the judgment, and no defence to an action against the endorser of the note.

2. A sheriff's return is of such authority that it cannot be contradicted.

February 5th 1868. Before THOMPSON, C. J., STRONG, AGNEW and SHARSWOOD, JJ. READ, J., at Nisi Prius.

Error to the District Court of *Philadelphia:* to July Term 1867, No. 22.

This was an action of assumpsit, brought March 6th 1862, by Levi H. Groff against Dan Rice, upon a promissory note made by one McLaren, of which Rice was the endorser.

Judgment had been recovered upon the note against McLaren December 22d 1860, and an execution issued thereon, to which the sheriff returned that he had levied upon certain goods, which were claimed by Edwin P. Christy, and took a rule to interplead which was made absolute February 9th 1861.

On the trial of the case, the plaintiff offered the note and protest in evidence, and, after objection by the defendant, they were admitted, and a bill of exceptions sealed. Testimony was offered by the defendant to prove that, at the time of the levy under the judgment against McLaren, other property of McLaren had been levied upon not included in the sheriff's return, which, upon objection by plaintiff, was rejected and a bill of exceptions sealed. The defendant also offered in evidence a paper, dated October 17th 1863, admitted to be in the handwriting of plaintiff's coun-

[Rice v. Groff.]

sel or of some one employed by him, which, upon objection by plaintiff, was rejected, and a bill of exceptions sealed.

The court (Hare, A. J.) charged that the evidence did not constitute a defence to the action.

A verdict was rendered, January 2d 1867, for plaintiff for $414.78.

The defendant took out a writ of error, and assigned, amongst others, the following errors:—

1. In charging that the evidence given did not constitute a defence to the action.

2. In rejecting evidence to prove that at the time of the levy other property of McLaren not included in the sheriff's return had been levied upon.

3. In rejecting the paper dated October 17th 1863.

*L. Hirst*, for plaintiff in error, cited Hunt v. Breading, 12 S. & R. 40, 41; Duncan v. Harris, 17 S. & R. 438; Ex parte Lawrence, 4 Cowen 417, 7 Id. 21; Bank of Pennsylvania v. Winger, 1 Rawle 302; Commonwealth v. Miller, 8 S. & R. 457; Clerk v. Withers, 2 Ld. Raym. 1072; 6 Wend. 563; Cro. Eliz. 209, 391; Ladd v. Blunt, 4 Mass. 403; Spang v. Commonwealth, 2 Jones 359; Sitgreaves v. Bank, 13 Wright 359; Ramsey v. Bank, 2 Penna. R. 203; Wood v. Vanarsdale, 3 Rawle 406.

*J. Cooke Longstreth*, for defendant in error.

The opinion of the court was delivered, February 13th 1868, by

THOMPSON, C. J.—It appears that the plaintiff in error was an accommodation endorser for one D. McLaren of a note for $300, negotiated to Levi H. Groff, the defendant in error, in due course. Not being paid at maturity it was protested, of which the endorser had notice. The holder sued the maker and obtained judgment. On this he issued execution, and levied on a large amount of circus property, supposed to be the property of the defendant in the execution. But the sale was prevented by an interpleader issue at the instance of a claimant who gave bond, and then the goods were surrendered to him by the sheriff. The endorser, the plaintiff in error, was sued, and the defence set up for him was, that the levy which had been made on the goods delivered on the interpleader was a satisfaction of the debt, and no recovery could be had in the suit against the endorser. A sufficient levy undisposed of is presumed to be a satisfaction of a judgment. This is a general rule, but it would be a great perversion of a principle, which is just in proper cases, to give effect to it here: Byles on Bills 185. If it could avail in this case, and the intervener Christy should be successful in the interpleader issue, the holder

[Rice *v.* Groff.]

might be deprived of the security of the endorser without any satisfaction from the maker. The levy might be lost, and the security of the endorsement also, and satisfaction, so far as the endorser was concerned, only assumed without payment in fact, or even by seizure of the defendant's goods. Every endorsement is a new making of the note or bill; the consequence of which is, each endorser, together with the maker, may be proceeded against simultaneously until satisfaction is made by some one to the holder. He may therefore proceed with his remedies against all or either until he obtains satisfaction. Until that is consummated he cannot be deprived of his legal remedy against the parties liable on the note. The reason why a levy is held to be a satisfaction is, that the goods of the defendant are in the hands of the law and ready to produce the satisfaction required. Here that is not the case. They have been surrendered according to and on the terms of the law, and I think it doubtful if the bond in any case would be held to take the place of the levy, so far as the presumption of satisfaction is concerned; but, be that as it may, it would be unreasonable to hold that the plaintiff should be obliged, during the interpleader contest, to abstain from suing and recovering against any other party previously liable to him as the endorser here was. The counsel for plaintiff in error seemed to treat an endorser as in the situation of a guarantor or surety, and not to be called upon until all efforts have failed to produce satisfaction from the principal. There could be no greater mistake. The law merchant would be of little·use if this were so. The authorities are all against this.

But another ground of defence quite as novel was set up by an offer to prove that in addition to the $15,000 worth of property, alleged to have been seized by the sheriff and released on the interpleader bond, other goods were in the sheriff's bailiwick and seized by him, but not returned. But if this defendant refers himself to what was done in that case, he is bound by what was done; and the sheriff's return is of such high authority that it cannot be contradicted, and it excludes or rather negatives the allegation thus made against it. As it stands, the goods levied were delivered on the interpleader. This the defendant is in no position to contradict. The testimony was properly rejected. There was neither a legal nor equitable satisfaction of the plaintiff's demand in anything shown here of which the defendant could avail himself, and for this reason the judgment must be affirmed.

What the writing, the rejection of which is complained of, and is the subject of the 7th assignment, was, we do not know. Neither the paper nor the object of it is set forth. We cannot therefore say there was any error in its rejection.

Judgment affirmed.