# Estate of Philip Kuhlman, deceased. Appeal of William Rehfuss.

*Executors and administrators—Statute of limitations—Decedents' estates.*

While an executor is not bound to plead the statute of limitations against a just claim, if the executor is himself the claimant against the estate he must give due legal notice of his claim to the other persons interested in the estate and afford them an opportunity to be heard.

Where an executor who is a creditor of the testator on promissory notes has done nothing to toll the statute of limitations within six years after the notes became due, he is not entitled to take credit in his account for the amount of the notes.

Motion for reargument.

The facts appear by the report of the case, in 178 Pa. 43.

PER CURIAM, February 8, 1897 :

The objections to the allowance of or credit for the notes, were sustained by the auditor, and his findings of facts and conclusions of law were approved by the court.  The only answer made by or for the accountant to this objection that the notes were barred by the statute of limitations was that he was not bound to plead that statute.  This was conceded by the auditor, but he was of the opinion that it was not a responsive or satisfactory answer to the objection.  This clearly appears in his report.  To this we may add that it was not claimed that the accountant had done anything to toll the statute within six years after the notes fell due.  On this appeal his counsel stated in their printed argument that the note of January 16, 1884, was under seal, but this statement was not sustained by the evidence or the copies of the note printed in their paper-book, nor consistent with the accountant's answer to the objections made before the auditor to the allowance of or credit for the note.  The questions passed upon by this court on the appeal were fairly raised by the specifications of error, and we think they were correctly decided.

Reargument refused.