# W. J. Zacharias, Administrator d. b. n. c. t. a. of Annie E. Stoner, Deceased, *v.* Oliver S. Wagner. Appeal of Rawlings Implement Co.

*Judgments —Execution —Personal property —Realty —Sheriff's Interpleader—Senior and junior liens.*

On exceptions to distribution of proceeds of the sale of realty, it appeared that a holder of a judgment had issued execution and levied on the personal property of the debtor, which was claimed by a third party, and that it had secured a verdict on the sheriff's interpleader. Subsequently it compromised the verdict for a lesser amount.

Upon the levy on the real estate and the distribution of the proceeds thereof, the court awarded the money which would have gone to the senior creditor to the holder of a junior lien, on the ground that the former had had recourse to two funds, and the latter to but one, and that in compromising its original verdict it had sacrificed its rights.

*Held:* that under the facts this was error. The holder of the senior lien having by its diligence acquired a levy on the debtor's personal property, reduced the lien by the amount recovered. But it was not to be penalized for making a compromise, and was under no duty to consult the junior creditor before so doing.

At the time of the sale of the real estate there were not two funds to which the senior creditor had recourse. The personal fund had been eliminated nearly a year before.

Argued October 28, 1924. Appeal, No. 96, Oct. T., 1924, by Rawlings Implement Co., lien creditor, from order of C. P. Franklin Co., sustaining exceptions to distribution of proceeds of sheriff's sale of real estate fi. fa. No. 1, Oct. T., 1923, sur Judgment No. 251, Oct. T., 1923, in the case of W. J. Zacharias, Administrator d. b. n. c. t. a. of Annie E. Stoner, deceased, v. Oliver S. Wag-

ner.   Before ORLADY, P. J., PORTER, HENDERSON, TREX-
LER, KELLER, LINN and GAWTHROP, JJ.   Reversed.

Exceptions to sheriff's distribution of the proceeds
of the sale of real estate.   Before GILLAN, P. J.

The facts are stated in the opinion of the Superior
Court.

The court sustained the exceptions and made the fol-
lowing decree.

Therefore, the exceptions to this distribution must be
sustained and from this fund the Rawlings Implement
Co. is entitled to no distribution; and instead of the
award of $185 to the Rawlings Implement Co. there
must be awarded to Amos Wagner this sum.   Therefore,
the award to the Rawlings Implement Co. is stricken
from the distribution and instead thereof, there is
awarded to Amos Wagner on judgment No. 129, of
February Term, 1922, the sum of $180 and to the pro-
thonotary, W. S. Kolb, $5 costs incurred in these pro-
ceedings.   The Rawlings Implement Co. had recourse to
two funds, Amos Wagner to but one fund and therefore
the latter must be paid from the only fund to which he
has recourse.   The first cannot give away a fund and
thus deprive a second of payment from the only fund on
which he has a lien.

Now, 25 February, 1924, exceptions sustained, and the
sheriff will pay out the money in his hands as directed
in this opinion.

Rawlings Implement Company, a lien creditor, ap-
pealed.

*Error assigned* was the decree of the court.

*Edwin D. Strite,* for appellant.

*W. J. Zacharias,* and with him *G. W. Atherton,* for ap-
pellee.

OPINION BY KELLER, J., February 27, 1925:

This appeal is concerned with the distribution of the proceeds of a sheriff's sale of realty. The real estate of O. S. Wagner was levied upon, on August 21, 1923, and sold in execution under a judgment entered on a bond accompanying a mortgage, which was the first lien. Subsequent liens were held by (1) Rawlings Implement Co. and (2) Amos H. Wagner, in that order. The costs and liens prior to the judgment of Rawlings Implement Co. absorbed all of the fund except $185.08 and this amount, which on the face of the record was payable to Rawlings Implement Co., on account of its judgment, was awarded by the court below to Amos H. Wagner, holding the judgment next in lien, under the following state of facts.

On February 6, 1922, while both judgments were in force, Rawlings Implement Co. issued a writ of fieri facias and levied upon certain goods and chattels as the property of O. S. Wagner. The property so levied upon was claimed by Thomas Manufacturing Co. An interpleader issue was directed and bond was filed by the claimant with approved security in the sum of $1,800. On the trial of the issue, on October 9, 1922, by instructions from the court, the jury rendered a verdict in favor of the defendant, Rawlings Implement Co. for $552.39, the amount of its judgment with interest. The same day an agreement was entered into between the parties that the said verdict should be discharged upon payment of $300 and costs, if made within fifteen days. This amount was duly paid within the time limited, but the verdict was not marked satisfied. On this state of facts the learned court below held that as the settlement had been made without the consent or agreement of Amos H. Wagner, it was of no effect as to him, and that as the Rawlings Implement Co. had within its grasp a fund sufficient to pay its judgment, if it let go of any part of it voluntarily, and without the knowledge or consent of the next judgment creditor, it must be postponed to

that extent to the lien of such creditor. The court also
said: "Rawlings Implement Co. had recourse to two
funds; Amos Wagner to but one fund. And therefore,
the latter must be paid from the only fund to which he
has recourse. The first cannot give away a fund and
thus deprive a second of payment from the only fund
on which he has a lien"; and awarded the fund to Amos
H. Wagner.

At first reading this seems plausible, but closer con-
sideration reveals the fallacy. Rawlings Implement Co.,
the prior lien creditor, by its diligence acquired a levy
on the judgment debtor's personal property, thus secur-
ing an additional source of payment. Amos H. Wagner,
the junior lien creditor did not see fit to do likewise. He
chose to rely on his lien against the real estate. Had
the Rawlings Co. obtained payment in full of its judg-
ment, through its execution against the debtor's per-
sonalty, its lien against the real estate would have been
satisfied and Amos H. Wagner's judgment would have
advanced one step forward in the order of liens on the
realty; and any partial payment to the Rawlings Co.
through its writ of fieri facias would have benefited Amos
H. Wagner proportionately, as respects the lien of his
judgment on the real estate. But a levy followed by an
interpleader does not of itself amount to satisfaction:
Rice v. Groff, 58 Pa. 116. If the trial of the interpleader
had gone against the Rawlings Co., or if it had seen fit,
in good faith, not to contest the issue, no one would have
contended that such a result would have had any effect
on the relative position of the liens against the land.
The securing of a verdict, by direction of the court, was
not a final disposition of the interpleader, and if the
execution creditor in good faith saw fit to compromise a
verdict thus obtained rather than be subject to the ex-
pense and uncertainty of further litigation, who could
complain? Certainly not a junior lien creditor who had
not proceeded against the personalty and was not a
party to the interpleader litigation. In determining the

course to be pursued in the interpleader the execution creditor was not bound to consult strangers to the litigation who were liable for none of its costs and expenses, under penalty of losing or postponing its lien against the real estate if it did not make a bargain satisfactory to such strangers. There is not a line of evidence to show collusion or want of good faith on the part of the Rawlings Co. in the transaction. Amos H. Wagner got the full benefit, as respects his lien, of the sum paid in settlement of the verdict. By reason of it, his lien was $300 nearer payment on any execution against the real estate. Suppose that instead of proceeding against its debtor's personalty the Rawlings Co. had obtained from him a bond or certificate of stock as collateral security and subsequently had disposed of it for $300. Would a junior lien creditor be heard to complain a year later, on the sale of the real estate, that it had sold the collateral for less than its value and therefore that its judgment as to the balance unpaid must be postponed in lien to his? The diligence of a prior lien creditor cannot thus be used against him by an inactive creditor holding a subsequent lien.

The error of the lower court's ruling lies in the fact that at the time of the levy on and sale of the real estate there were not two funds to which Rawlings Co. had recourse. The personal fund had been eliminated nearly a year before. The decisions relied upon by the appellee and the court below,—Patrick v. Bingaman, 2 Pa. Superior Ct. 113, 122; Ramsey's App., 2 Watts 228, and kindred cases relating to creditors having two funds, and the right of subrogation growing out thereof,—are not in point. They would be applicable if the Rawlings Co. had secured a judgment against the claimant in the interpleader which had not been paid or settled at the time of the sheriff's sale of the real estate. In such case it would have two funds out of which to satisfy its judgment; and in the absence of countervailing equities in others, Amos H. Wagner would be entitled to subroga-

tion if the Rawlings Co. obtained satisfaction out of the only fund open to him: Delaware & Hudson Canal Co.'s App., 38 Pa. 512; Garrison's App., 2 Grant 216; Dunn v. Olney, 14 Pa. 219; Webster & Goldsmith's App., 86 Pa. 409, 412. But even then the real estate fund would be distributed in accordance with the position of the liens against it and Amos H. Wagner's only recourse would be to seek subrogation from the judgment in the interpleader after the Rawlings Co. had been paid in full: Ramsey's App., supra, pp. 232, 233. But at the date of this sale both creditors had recourse to only one fund, the realty; and they took in accordance with the priority of their liens. The Rawlings Company's judgment was paid to the extent of whatever money it had received in settlement of the interpleader, but only to that extent, and as the balance remaining unpaid was more than the proceeds for distribution, the fund should have been awarded to it.

The assignment of error is sustained. The decree is reversed at the costs of the appellee; and it is ordered that the fund remaining be awarded to the appellant on account of its judgment.