364 A.2d 888

**In re ESTATE of Alec H. COHEN, Deceased.**

**Appeal of Barbara S. GOODMAN, Executrix.**

Supreme Court of Pennsylvania.

Argued Jan. 1, 1976.

Decided Oct. 20, 1976.

30

Blank, Rome, Klaus & Comisky, Lester J. Schaffer, Philadelphia, for appellant.

Egli, Walter, Reilly & Wolfson, James T. Reilly, Lebanon, for Ruth S. Cohen.

Davis, Katz, Buzgon & Davis, Charles J. Romito, Lebanon, for appellee, Charles J. Romito, Guardian ad litem, etc.

Before JONES, C. J., and EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

## OPINION OF THE COURT

O'BRIEN, Justice.

This appeal arises from a final decree of the Court of Common Pleas, Orphans' Court Division, of Lebanon County.

The facts surrounding this appeal are as follows. Alec H. Cohen died testate on August 2, 1971. In his will, dated September 24, 1966, the decedent directed that his debts be paid; that his wife, Ruth S. Cohen, receive a bequest of fifteen thousand dollars ($15,000); that Sol Berman be appointed trustee of his estate for the decedent's minor children; and that the decedent's daughter, Barbara S. Goodman, be appointed executrix of his estate. When the executrix filed the first and partial account on May 14, 1973, exceptions were filed by the decedent's wife and the matter was heard by a master. After the master heard testimony, the decedent's wife again filed exceptions, which were heard by the Orphans' Court and an adjudication was made. The court reversed certain findings of the master and affirmed others. This appeal followed from the final decree of the court below.

Appellant, Barbara S. Goodman, first argues that the court erred in reversing the decision of the master which held that a loan, in the amount of $25,000, made by the decedent in 1966, should be paid out of the assets of the estate proper, rather than from insurance policies [1] that were assigned to the bank as collateral for the loan on September 7, 1966. We agree.

In *Miller Estate*, 402 Pa. 140, 143, 166 A.2d 10, 11 (1960), this court, in discussing the determinative factor in ascertaining whether a debt should be paid out of the estate or insurance policy proceeds pledged as collateral for a loan, stated:

1. The beneficiary of the insurance policies was Barbara S. Goodman.

"The issue which is usually determinative of the problem in this area is the intention of the parties as indicated by the terms of the will, the insurance policy, the assignment and any other pertinent extrinsic evidence. . . . [T]he intention of the parties, if ascertainable, must control."

In the instant case, on September 7, 1966, the testator executed the assignment of the insurance policies to the bank as collateral for the loan on a standard form contract which was prepared by the American Banker's Association Bank Management Commission, supplied by the lending institution, and contained the following provisions, *inter alia*:

"B. It is expressly agreed that . . . the following specific rights are included in this assignment and pass by virtue hereof:

"1. The sole right to collect from the Insurer the net proceeds of the Policy when it becomes a claim by death or maturity;

\*   \*   \*   \*   \*   \*   \*   \*

"E. [It is agreed]

"1. That any balance of sums received hereunder from the Insurer remaining after payment of the then existing Liabilities, matured or unmatured, shall be paid by the Assignee to the persons entitled thereto under the terms of the Policy had this assignment not been executed.

\*   \*   \*   \*   \*   \*   \*   \*

"F. . . . Checks for all or any part of the sums payable under the Policy and assigned herein, shall be drawn to the exclusive order of the Assignee if, when, and in such amounts as may be, requested by the Assignee.

\*   \*   \*   \*   \*   \*   \*   \*

"I. The Assignee . . . may apply to the Liabilities in such order as the Assignee shall determine, the proceeds of the Policy hereby assigned. . . . "

The above provisions do not indicate the testator's intention to determine from what funds the unpaid portion of the loan should be satisfied. Rather, the provisions indicate the lending institution's desire to protect itself in case of an insolvent estate.

On September 24, 1966, the testator executed his Last Will and Testament, which contained the following provision:

"I order and direct my Executor, hereinafter named, to pay *my just debts and funeral expenses and inheritance and estate taxes out of the corpus of my estate.* . . . " (Emphasis supplied.)

The assignment to the bank of the insurance policies as collateral was executed on September 7, 1966, and the will was executed on September 24, 1966.

We are of the opinion that the above-quoted clause of the September 24, 1966 will evidences the testator's intention to pay *all* the debts from the monies of his estate since the will was executed subsequent to and with full knowledge of the bank assignment and contained a specific direction to pay all the debts from the monies of the estate. We are of the opinion that the testator's intention was expressed by the September 24, 1966 will and, therefore, the decree of the Orphans' Court of Lebanon County is modified in part.

Appellant next argues that the court below erred in disallowing her $6,000 claim against the estate, based on the statute of limitations. The loans that appellant sought to collect from the estate were made on October 13, 1966 and March 15, 1967, respectively. Appellant first gave notice of her claim on December 18, 1973, when the second account was filed more than six years after the loans were made. The court took the position that the statute of limitations barred the debts under the

Act of June 30, 1972, P.L. 508, No. 164, § 2, 20 Pa.C.S.A. § 3384, which provides:

"(a) *Written notice.*—Written notice of any claim against a decedent given to the personal representative or his attorney of record before the claim is barred shall toll the statute of limitations.

"(b) *Acts equivalent to written notice.*—Any of the following acts by a claimant shall be equivalent to the giving of written notice of a claim to the personal representative:

"(1) Instituting proceedings to compel the filing of an account.

"(2) Bringing an action against the personal representative in any court having jurisdiction of the claim and having the writ or pleading duly served on the personal representative.

"(3) Substituting the personal representative as a defendant in an action pending against the decedent.

"(4) Receiving a written acknowledgment by the personal representative or his attorney of record of the existence of the claim."

Appellant did nothing under the above section to toll the statute of limitations. Appellant argued that since she was the personal representative of the estate, she was required to do nothing since she would have been giving notice to herself, a fruitless act. We do not agree with appellant's position. Section 3384 was designed to give all persons who have an interest in the estate notice of possible outstanding claims. While the letter of the act does not cover the situation in the instant case, the spirit of the law required that appellant give notice of her claim and her failure to do so bars her claim. See *Kuhlman's Estate. Rehfuss's Appeal,* 180 Pa. 109, 36 A. 566 (1897).

Appellant also argues that the statute of limitations was not properly raised as a defense to her claims. We

do not agree. Appellee, Ruth S. Cohen, raised this issue before the auditor in the instant case.

Appellant next argues that the court below erred in awarding counsel fees and interest to the exceptants. We agree. In the instant case the court below awarded $1,500 in counsel fees, as well as interest on estate funds that appellant used to pay the bank loan, rather than the proceeds of the insurance policies. Given our resolution that the proper funds to pay the bank loan was the corpus of the estate and not the insurance proceeds as decided by the court below, we reverse that portion of the decree awarding interest on such funds and further reverse the award of counsel fees as no substantial benefit as inured to the estate or beneficiaries as a result of the exceptants' litigation. See *Wilbur's Estate*, 334 Pa. 45, pp. 73–74, 5 A.2d 325 (1939).

Decree of the Orphans' Court of Lebanon County is reversed in part and affirmed in part. Case remanded for proceedings consistent with this opinion.