612 A.2d 976

**In re Estate of Dr. Ronald G. LIVINGSTON, a/k/a Ronald G. Livingston, a/k/a Ronald Livingston, Deceased.**

**Appeal of Margaret LIVINGSTON.**

Supreme Court of Pennsylvania.

Argued March 11, 1992.

Decided Sept. 16, 1992.

310

Daniel M. Curtin, James W. Carroll, Jr., Tabakin, Carroll & Curtin, Pittsburgh, for appellant.

Ernest P. DeHaas, III, Uniontown, for J.L. Livingston.

Daniel L. Webster, Uniontown, for Adm'r D.B.N.

## OPINION OF THE COURT

PAPADAKOS, Justice.

This is the appeal of Margaret Livingston (Appellant) from the Opinion and Order of the Superior Court affirming the order of the Court of Common Pleas of Fayette County dismissing Appellant's exceptions to a Decree Nisi which dismissed her objections to the proposed distribution of her late husband's estate.

Appellant is the surviving widow of Dr. Ronald G. Livingston (Decedent) who died intestate on August 9, 1980. Decedent was also survived by his father John L. Livingston, Appellee herein, the other party with an interest in the distribution of this estate.

Following decedent's death, Appellant applied for, and was issued, Letters of Administration by the Register of Wills of Fayette County. On August 20, 1980, Appellant inventoried a safe deposit box in the name of decedent which contained certificates of deposit, some of which were in the joint names of decedent and Appellant, and some of which were in dece-

dent's name alone. The certificates which were in decedent's name alone, valued at over $140,000.00, are the subject matter of this appeal.

After the inventory of the safe deposit box, upon the advice of her counsel (Ruth Warman, Esquire), Appellant had the certificates registered in the name of the decedent's estate and prepared an inheritance tax return which she signed and filed. Inheritance tax was paid on the value of these certificates which were listed as estate assets.

Appellant paid herself a fee for her services as administratrix of the estate and also authorized the payment of an attorney's fee from the estate funds. It is not disputed that the Appellant performed no further duties as administratrix over the next six years such as filing an inventory, account, family agreement or petition to distribute the estate so that the administration of the estate would be completed.

On February 18, 1986, Appellant's second attorney wrote a letter to her first attorney (Warman, who was still acting as attorney for the estate) wherein he laid claim to ownership of the subject certificates as will be more fully developed hereinafter. On June 9, 1987, a formal claim was filed by Appellant against the estate asserting her right by survivorship to the certificates at issue.

On June 15, 1987, Appellee petitioned the Court to remove Appellant as administratrix of the estate because of her neglect in administering the estate. This petition was granted and attorney Daniel L. Webster was appointed administrator d.b.n. The new administrator filed an inventory, account and petition for distribution on January 7, 1988, which listed the disputed certificates as estate assets and recommended that distribution be made in the amount of $20,000.00 and one-half of the residue to Appellant and the other one-half to Appellee.

Appellant filed objections to the account and proposed distribution on the basis that the certificates found only in the name of the decedent came from marital assets and were, therefore, her sole property as the surviving widow, by operation of law and not properly included as estate assets. A

hearing on the objections was held before the Honorable John F. Wagner, Jr., of the Court of Common Pleas of Fayette County, Orphans' Court Division, at which time evidence was received to establish, as a threshold matter, whether Appellant was required to file a claim concerning her ownership to these accounts, and, if so whether any such claim was timely made.

The trial court was of the opinion that Appellant was required, upon discovering that the decedent misappropriated marital assets to his own name, either to institute an action in partition during the decedent's lifetime, or to file a claim against the estate if she discovered the misappropriation after his death. Such a claim, in the trial court's opinion, was required to be filed within six (6) years of the death of the decedent and since no claim was filed with the Administratrix or her attorney by August 8, 1986, the trial court held that Appellant had forfeited her right to pursue her claim.

The Superior Court affirmed and we granted this petition to determine whether a dispute over title to entireties property is subject to the notice rule of 20 Pa.C.S. § 3384 and, if so, whether it was properly given in this case. For the following reasons, we reverse.

Section 3384 of the Probate, Estates and Fiduciaries Code (20 Pa.C.S. § 3384)[1] requires that written notice of any claim against a decedent be given to the personal representative or his attorney of record to toll any applicable statute of limitations.

1. 20 Pa.C.S. § 3384 provides, in pertinent part:
(a) Written notice.—Written notice of any claim against a decedent given to the personal representative or his attorney of record before the claim is barred shall toll the statute of limitations.
(b) Acts equivalent to written notice.—Any of the following acts by a claimant shall be equivalent to the giving of written notice of a claim to the personal representative:
(1) Instituting proceedings to compel the filing of an account.
(2) Bringing an action against the personal representative in any court having jurisdiction of the claim and having the writ or pleading duly served on the personal representative.
(3) Substituting the personal representative as a defendant in an action pending against the decedent.
(4) Receiving a written acknowledgment by the personal representative or his attorney of record of the existence of the claim.

■ As a general matter, no one can claim in the distribution of a fund in the orphans' court except through the decedent as creditor, legatee or next of kin. *Crosetti's Estate*, 211 Pa. 490, 60 A. 1081 (1905). Appellant argues that because she is not proceeding as a creditor, legatee, or next of kin her action against the estate is not a "claim" within the context of Section 3384 and, therefore, she is not subject to its notice provisions. . We disagree.

There is an exception to the general rule concerning claims and claimants, that where the fund in the hands of the orphans' court can be shown to be wrongfully included in the account either, because, though in the name of the decedent it is really a trust, or where title or ownership is in another person, the orphans' court jurisdiction attaches because of the equity powers of the court and it may decree or award the fund to the true owner. *Marshall v. Hoff*, 1 Watts 440 (1833); *Miller's Appeal*, 84 Pa. 391 (1871); *High's Estate*, 136 Pa. 222, 20 A. 421, 422 and 423 (1890); *Qualter's Estate*, 147 Pa. 124, 23 A. 348 (1892); *Keyser's Estate*, 329 Pa. 514, 198 A. 125 (1938).

This exception has been codified and now is part of the Probate, Estates and Fiduciary Code, 20 Pa.C.S. § 711(17), and provides for the mandatory exercise of jurisdiction in the orphans' court division over contests over title to personal property in the possession of the personal representative, or registered in the name of the decedent or his nominee, or alleged by the personal representative to have been in the possession of the decedent at the time of his death. 20 Pa.C.S. § 711.

■ Moreover, our cases establish a long standing recognition that a contest involving the ownership of funds could be resolved either by instituting an action at law or by presenting the matter as a *claim* against the personal representative in the orphans' court. *Crosetti's Estate*, 211 Pa. 490, 60 A. 1081 (1905); *Paxson's Estate*, 225 Pa. 204, 73 A. 1114 (1909); *Gaffney's Estate*, 146 Pa. 49, 23 A. 163 (1892); *William's Estate*, 236 Pa. 259, 84 A. 848 (1912).

 Since the certificates in question were in the possession of the decedent at his death, and have remained in the possession of the personal representative since his death, the Orphans' Court has jurisdiction to determine the ownership of the funds. Furthermore, since ownership disputes can be presented as claims, we see no reason to exempt such disputes from the notice requirement of Section 3384 and Appellant's contrary argument is dismissed.

Accordingly, we must determine next what the statute of limitations would be in this circumstance, and whether Appellant did anything which would satisfy the notice requirement in a timely manner.

 Appellant claims ownership to the disputed funds as surviving tenant by the entireties. Once created, an estate by the entireties can be terminated only by mutual agreement and, where it appears that one spouse has appropriated the property for his own use, our cases create a doctrine of a fictional offer to terminate the estate which can be accepted by the filing of an action for accounting and division. *Stemniski v. Stemniski,* 403 Pa. 38, 169 A.2d 51 (1961). Where the spouse does not commence such an action prior to the death of the spouse who has appropriated the funds, the surviving spouse is entitled to the return of all the funds. If there is no consent to the spouse's actions, the money withdrawn continues to be impressed with the entireties provisions and the surviving spouse is entitled to those funds as surviving tenant. *Cohen v. Goldberg,* 431 Pa. 192, 244 A.2d 763 (1968); *Holmes Estate,* 414 Pa. 403, 200 A.2d 745 (1964).

 Appellant, for whatever reason, never accepted the fictional offer to sever the tenancy by filing an action for accounting and partition prior to decedent's death. She, therefore, enters court seeking to enforce her rights to survivorship and, inasmuch as the funds are in the hands of the personal representative, she would be obliged to file an action against that party for the return of her money. *Clingerman v. Sadowski,* 513 Pa. 179, 519 A.2d 378 (1986).

■ We conclude, as did the trial court and the Superior Court, that the statute of limitation that best describes this type of proceeding would best be covered by the six year statute of limitations found at 42 Pa.C.S. § 5527: "Any civil action or proceeding which is neither subject to another limitation specified in this subchapter nor excluded from the application of a period of limitation by section 5531 (relating to no limitation)." The only question remaining, then, is whether notice of the claim was given within six years.

■ Here, the certificates were found by Appellant and her first attorney a few days after the decedent's death (August 20, 1980) and they were put on notice to investigate the circumstances of the source of these funds at that point in time. Before the expiration of six years, on February 18, 1986, as hereinabove stated, Appellant's second attorney wrote a letter to her first attorney (who was still acting as attorney for the estate). In this letter issue was taken with the proposed First and Final Account which Attorney Warman intended to file. Specifically, Appellant took issue with the inclusion of these disputed certificates as estate assets:

> Our primary difference with your Accounting lies in your designation of certain Money Market Certificates and Saving Certificates as property of the estate when, under Pennsylvania law, such certificates should pass to Margaret Livingston as a surviving spouse. The reason that this is clear is that Pennsylvania law provides that marital property creates an estate by the entireties which cannot be dissolved without the consent of both spouses.
>
> Therefore, the several certificates which were in the name of Ronald Livingston would be marital property despite the lack of joint ownership. Mr. Livingston, during the last months of his life, changed these certificates from joint ownership to his sole property. These changes, however, did not change entireties property into non-entireties property. These certificates, then, were at all times, entireties property that should pass, by operation of law, to Margaret Livingston.

As a result, the Money Market Certificates at Gallatin Bank ($107,000.00) and Savings Certificates at Fayette and Gallatin Banks ($34,200.00) should pass immediately to Margaret Livingston, as surviving spouse.

The letter continues to discuss a potential claim against decedent's father and Attorney Warman for an excessive fee and disputes whether Inheritance Tax should have been paid on the assets since entireties property are exempt from Pennsylvania Inheritance Tax. The letter concludes by stating, "While we do recognize that you have done a lot of work on this estate, the erroneous handling of this estate has probably cost Margaret Livingston at least $35,000.00 and probably much more. We are not anxious to make a claim against you *for this amount*, so we are proposing the above resolution." (Emphasis added).

The lower court believed that the language just quoted showed an intent that the letter was not intended to act as notice of a claim against the estate.[2] We disagree. We believe the language concerning a "claim" referred to any claim Appellant may have against Attorney Warman for mishandling the case and not her claim based on survivorship rights.

The letter clearly states the basis upon which Appellant's claim is based, the amount in controversy, and a direction that the funds be immediately returned to her. Nothing more is required because a specific statement of the nature of the

---

**2.** During argument, counsel were questioned as to the scope of review of the lower courts' conclusion of the legal effect of the letter of February 18, 1986. In response thereto, counsel for Appellant has filed an Application to Submit Memorandum on Scope of Review pursuant to Pa.Rule of Appellate Procedure 2501(a), which we grant. Our case law has long held that questions of law are accorded full appellate review and are not limited to abuse of discretion review. In this case, the courts were called upon to interpret the legal effect of a writing. This entails reaching a conclusion of law. *Cowen v. Krasas*, 438 Pa. 171, 264 A.2d 628 (1970), which held at page 630:

This conclusion was based solely on a reading of Cowen's letter. Thus, in interpreting such a writing and determining whether or not the writing constituted an offer, the chancellor was passing on a question of law. (Citations omitted). His conclusion, therefore, is subject to our review, and we rule it was erroneous.

318

controversy is supplied. As we noted in *Estate of Cohen*, 469 Pa. 29, 364 A.2d 888 (1976): "Section 3384 was designed to give all persons who have an interest in the estate notice of possible outstanding claims." This section applies to all parties, including surviving widows, like Appellant, who may be the personal representative at the time. Written notice of the claim given to the attorney of record is sufficient to toll the statute and we believe the letter we have referred to satisfies all the requirements of the statute.

The Opinion and Order of the Superior Court are reversed and the matter is remanded to the Orphans' Court Division of the Court of Common Pleas of Fayette County so that Appellant may be given the opportunity to establish her claim.

ZAPPALA, J., concurs in the result.

McDERMOTT, J., did not participate in the decision of this case.