**In Re: ESTATE OF Bruce Anthony TROWBRIDGE, Deceased.**

**Appeal of: Pennsylvania Department of Revenue.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Dec. 12, 2006.

Decided Jan. 10, 2007.

Publication Ordered April 16, 2007.

Carl N. Frank, Wilkes–Barre, for appellant.

Michael I. Butera, Pittston, for appellee.

BEFORE: LEADBETTER, Judge, COHN JUBELIRER, Judge, and McCLOSKEY, Senior Judge.

## ORDER

OPINION BY Senior Judge McCLOSKEY.

The Pennsylvania Department of Revenue (the Department) appeals from an order of the Court of Common Pleas of Luzerne County (trial court), dismissing the citation it had filed against the estate of Bruce Anthony Trowbridge (Decedent) and Edward Trowbridge, Administrator of the estate (hereafter referred to as the Administrator). We now reverse.

Decedent died on December 23, 1989, as the result of injuries sustained in an automobile accident. On December 28, 1989, the Administrator, Decedent's brother, was granted letters of administration by the Register of Wills of Luzerne County. In 1991, counsel for the Administrator of the estate filed a wrongful death and survival action on behalf of the estate. Sever-

al years later, on May 8, 1997, counsel for the Administrator filed a Pennsylvania Inheritance Tax Return showing no assets in the estate. However, approximately twelve days later, on May 20, 1997, the Administrator of the estate executed a settlement statement and a receipt with regard to the wrongful death and survival action.

Counsel for the Administrator filed a petition to settle and compromise with the trial court that same day and the trial court issued an order authorizing a settlement in the amount of $713,680.50. Further, the trial court directed that "all amounts under the settlement, in excess of medical bills and funeral bills, will be allocated to the survival action...." [1] (R.R. at 51a). Following deduction of these medical and funeral bills, counsel fees and costs, the estate received $413,277.73 as part of the survival action.

On February 9, 1998, the Department issued a notice of inheritance tax appraisement indicating that the original inheritance tax return was changed. In an attached explanation of changes form, the Department explained that "[a]ssets reported as a result of court action must be reported at the full settlement value with the date of the final settlement." (R.R. at 14a). The Administrator did not respond to this notice. On July 15, 1998, the Department issued a second notice of inheritance tax appraisement detailing the amount of the settlement approved by the trial court and the allowable counsel fees. The Department then indicated that it was seeking inheritance tax in the amount of $71,148.44 ($64,231.25 inheritance tax plus $6,917.19 interest and penalties) on the

remainder of the settlement allocated to the survival action. Again, the Administrator did not respond.

The Department thereafter filed a petition for citation against the Administrator with the trial court. In this petition, the Department noted that it had provided counsel for the Administrator with a notice of appraisement dated July 15, 1998, and that the inheritance tax remains unpaid. The Department also noted that a certified demand letter was sent to the Administrator on April 30, 1999, but was returned and marked as "Unclaimed." (R.R. at 29a). Further, the Department noted that a subsequent investigation verified the existence and residence of the Administrator. The Department requested that the trial court issue a citation upon the Administrator directing him to appear and show cause why the inheritance tax in the estate of Decedent should not be paid.

By order dated November 9, 1999, the trial court directed the Administrator to appear for a hearing on January 11, 2000. On December 10, 1999, the Administrator, through counsel, filed an answer to the Department's petition for citation specifically denying that there was any inheritance tax or interest due to the Department in this estate. For reasons that are not clear in the record, the January 11, 2000, hearing apparently did not take place and the case remained dormant for a period of approximately five years. In July of 2005, the Department filed a motion for hearing with the trial court, noting that no hearing had ever been held on the petition for citation. The trial court thereafter held two hearings on this matter.[2]

---

1. The trial court made this allocation as the Administrator of the estate, Decedent's brother, was not a wrongful death plaintiff by virtue of his relationship to Decedent. *See* 42 Pa.C.S. § 8301(b).

2. Due to declining health, the Administrator did not appear at either of these hearings. However, counsel for the Administrator did appear at each of these hearings and the Administrator's wife did appear for the second hearing.

At the first hearing on December 20, 2005, the Department presented the testimony of Frank Pietruszewski, one of its enforcement collection agents. Mr. Pietruszewski testified that he was familiar with the estate of Decedent, the settlement of the estate's wrongful death/survival action and the lack of any payment of inheritance taxes arising out of this settlement. As of the date of hearing, Mr. Pietruszewski noted that the amount of inheritance tax plus interest and penalties was almost $102,000.00. Mr. Pietruszewski also indicated his belief that the Administrator was the brother of the decedent. Further, the Department introduced without objection several exhibits, including the trial court's May 20, 1997, order approving the settlement and the July 15, 1998, notice of appraisement detailing the amount of inheritance tax due and owing as a result of this settlement.

At the second hearing on February 23, 2006, counsel for the Administrator noted that the Administrator was in very bad health and unable to appear in court. However, counsel did present the testimony of the Administrator's wife, who confirmed that her husband and the Decedent were brothers. Further, counsel for the Administrator argued that the Department's petition for citation should be dismissed due to the statute of limitations and the doctrine of laches. Moreover, the parties agreed at this hearing that if, in fact, any inheritance tax was due, said tax should be calculated based on the Administrator's actual receipt of $413,277.73, not $428,208.30 as initially determined by the Department.[3] The Commonwealth introduced, without objection, a copy of the settlement statement relating to the wrongful death/survival action commenced by the estate.

Following these hearings, by order dated March 6, 2006, the trial court dismissed the Department's citation "due to a violation of the Statute of Limitations." (R.R. at 74a). The Department thereafter filed a notice of appeal with the trial court as well as a concise statement of the matters complained of on appeal. The trial court then issued an opinion in support of its order. Although the trial court noted its March 6, 2006, order, the trial court proceeded to indicate that it was relying on the doctrine of laches in dismissing the Department's citation. The trial court noted that the Department had "unreasonably delayed their claim" against the estate. (Opinion of Trial Court, p. 2).

On appeal,[4] the Department argues that the trial court erred as a matter of law in dismissing its citation on the basis of either an applicable statute of limitations or the doctrine of laches. We agree.

We begin with the former. The Inheritance and Estate Tax Act (the Act), Act of March 4, 1971, P.L. 6, *as amended,* 72 P.S. §§ 9101–9196, sets forth no limitation which would serve to bar the Department's petition for citation. To the contrary, Section 2167 of the Act, *added by* Act of August 4, 1991, P.L. 97, *as amended,* 72 P.S. § 9167, discusses inheritance taxes as a lien with no duration. Specifically, this Section provides that "[t]he taxes imposed by this article, together with any interest on the taxes, shall be a lien

---

3. The Department had missed two deductions out of the monies received by the Administrator, one for costs and the other to satisfy a hospital lien arising from its treatment of Decedent.

4. Our scope of review of a decision of a trial court is limited to a determination of whether the trial court abused its discretion, committed error of law, or whether constitutional rights were violated. *City of Erie v. Cappabianca* 879 A.2d 823 (Pa.Cmwlth.2005).

upon the real property included in the transfer on which the taxes are imposed. Except as otherwise provided in this part, the lien shall remain until the taxes and interest are paid in full."

Likewise, the Judicial Code, 42 Pa.C.S. §§ 101—9909, sets forth no specific statute of limitations with respect to inheritance taxes. Nevertheless, our Supreme Court has applied a "catch-all" statute of limitations in a case involving notice of a claim against an estate. In *In re: Estate of Dr. Ronald G. Livingston,* 531 Pa. 308, 612 A.2d 976 (1992), the Court held that a letter sent by an attorney for a claimant outlining the claim against the estate to the attorney for the estate within six years of the decedent's death was sufficient to toll the six-year statute of limitations found at Section 5527(b) of the Judicial Code, 42 Pa.C.S. § 5527(b).

Section 5527(b) provides that "[a]ny civil action or proceeding which is neither subject to another limitation specified in this subchapter nor excluded from the application of a period of limitation by section 5531 (relating to no limitation) must be commenced within six years." Nevertheless, even if this statute of limitations were to apply, we do not believe the same would serve to bar the Department's petition for citation in this case.

Here, although Decedent died on December 23, 1989, the Administrator did not receive any proceeds from the settlement of the survival action until May 20, 1997. The Administrator only became responsible for the payment of inheritance taxes on the proceeds of this settlement upon his receipt of the same. Approximately nine

months later, on February 9, 1998, the Department issued its first notice of inheritance tax appraisement, advising the Administrator that assets from a court action must be reported. On July 15, 1998, the Department issued a second notice of inheritance tax appraisement, specifically advising the Administrator of the inheritance tax due on the proceeds from the settlement of the survival action. As these notices were well within six years of the Administrator's receipt of the settlement proceeds and the time when the inheritance tax became due, the statute of limitations found at Section 5527(b) of the Judicial Code would have been tolled.

■■■ We now turn our attention to the trial court's reliance on the doctrine of laches. Again, we believe such reliance was in error. The equitable doctrine of laches is an affirmative defense and the burden of proving laches is, therefore, on the defendant. *Weinberg v. Commonwealth,* 509 Pa. 143, 501 A.2d 239 (1985). The "application of the defense of laches requires not only an unjustified delay [on the part of the complaining party], but also that the opposing party's position or rights be prejudiced as a result of that delay." *Weinberg,* 509 Pa. at 148, 501 A.2d at 242 (citation omitted). Furthermore, in *Weinberg,* our Supreme Court recognized that while the defense may be raised against the Commonwealth, courts will be generally reluctant to apply the doctrine against the government and will require a stronger showing by a defendant who attempts to apply the doctrine against the Commonwealth than by one who would apply it against an individual.[5] *See also Krystal*

---

5. Historically, our Supreme Court has been reluctant to permit a party to assert the doctrine of laches against a state's exercise of its taxing power. *See, e.g., Commonwealth v. Western Maryland Railway Company,* 377 Pa. 312, 105 A.2d 336 (1954), *cert. denied,* 348

U.S. 857, 75 S.Ct. 82, 99 L.Ed. 675 (1954) (cannot estop the government from collecting taxes which are legally due); *Commonwealth v. A.M. Byers Company,* 346 Pa. 555, 31 A.2d 530 (1943) (no estoppel can be asserted against the Commonwealth in the exercise of

*Jeep Eagle, Inc., v. Bureau of Professional,* 725 A.2d 846 (Pa.Cmwlth.1999), *petition for allowance of appeal denied,* 559 Pa. 723, 740 A.2d 1150 (1999).

■ With these principles in mind, we turn to the facts of the present case. We first note that the evidence of record fails to reveal any instance where the Administrator properly raised the defense of laches. In his answer to the Department's original petition for citation, the Administrator failed to raise this defense in new matter. Nor did the Administrator raise this issue following the Department's motion for hearing or at any time during the initial hearing. The Administrator only first mentioned this defense at the second hearing before the trial court in February of 2006.

Pa. R.C.P. No. 1030(a) requires the defense of laches to be raised in a responsive pleading under the heading "New Matter." Further, Pa. R.C.P. No. 1032(a) provides that "[a] party waives all defenses and objections which are not presented either by preliminary objection, answer or reply...." As the Administrator did not raise the defense of laches in new matter or by preliminary objection, answer or reply, we must conclude that the Administrator waived this defense.

■ Even if this defense had not been waived, we note that the Administrator failed to present any evidence of prejudice to him as a result of the Department's delay in proceeding with this action, let

alone a stronger showing of prejudice as required against the Commonwealth.[6] Additionally, while he alleged in his answer to the Department's original petition for citation that no inheritance taxes were due in this case, the Administrator also failed to present any evidence in support of this allegation.[7] The evidence of record establishes that the Administrator was Decedent's brother, that he received proceeds from a settlement of a survival action brought on behalf of the estate of Decedent and that he failed to pay any taxes legally due on such proceeds.

Thus, we must conclude that the trial court erred as a matter of law in dismissing the Department's citation on the basis of either an applicable statute of limitations or the doctrine of laches.

Accordingly, the order of the trial court is reversed.

---

its taxing power). In the *Western Maryland Railway Company* case, out Supreme Court held that the laches defense could not be asserted so as to prevent the state from collecting legally due taxes on property when it failed to assess the same for a number of years. Further, in that case, the Court held that a state or other sovereignty cannot be estopped by any acts or conduct of its officers or agents in the performance of a governmental function and that no errors or misinforma-

tion of the officers or agents can estop the government from collecting legally due taxes.

6. Due to his alleged declining health, the Administrator was not present for any of the proceedings in this case.

7. We note that counsel for the Administrator did present some very brief oral argument on this issue at the second hearing before the trial court.